**Larry MILLER, and 11th Senatorial District Republican Committee, Plaintiffs.**

v.

**Jean CUNNINGHAM, et al., Defendants.**

**Civil Action No. 3:05CV266–HEH.**

United States District Court, E.D. Virginia, Richmond Division.

June 27, 2008.

Kenneth Thomas Cuccinelli, II, Cuccinelli & Day PLLC, Fairfax, VA, Patrick Michael McSweeney, McSweeney Crump Childress & Gould P.C., Richmond, VA, for Plaintiffs.

James V. Ingold, William Eugene Thro, Francis Snead Ferguson, Jacob Jasen Eige, James Walter Hopper, James Christian Stuchell, Maureen Fay Riley Matsen, Office of the Attorney General, Richmond, VA, for Defendants.

### MEMORANDUM OPINION

**(Plaintiffs' Motion for Attorneys' Fees)**

HENRY E. HUDSON, District Judge.

Plaintiffs are before the Court seeking a post-appeal award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988. The underlying lawsuit is one for declaratory relief challenging the constitutionality of Section 24.2–530 of the Virginia Code, which, in effect, establishes an electoral process commonly known as an "open primary." After extensive briefing and oral argument, this Court held that "with one limited exception, § 24.2–530, when viewed in the context of Virginia's overall candidate nominating scheme, does not impermissibly overburden the First Amendment rights of Virginia political parties. The one questionable application involves tension between § 24.2–530 and § 24.2–509, which allows an incumbent to force his or her political party to renominate him or her only by the method the incumbent selects." *Miller v. Brown,* 465 F.Supp.2d 584, 593 (2006).

This Court went on to hold that, "[w]hen the Republican Party's discretion is foreclosed by [the incumbent's] invocation of § 24.2–509, mandating a forced open primary, the confluent effect impermissibly undermines the 11th District Committee's right of free association. This narrow and

perhaps infrequent application of § 24.2–530 violates the First Amendment right of the plaintiffs in this case.

"Therefore, in the event that a Republican primary is held in 2007 in the 11th Senatorial District of Virginia, the defendants are enjoined from requiring the plaintiffs to hold an open primary." *Id.* at 595. The decision of this Court was affirmed in all respects by the United States Court of Appeals for the Fourth Circuit in *Miller v. Brown,* 503 F.3d 360, 371 (4th Cir.2007).

Having succeeded on a narrow strand of their constitutional challenge, Plaintiffs urge the Court to award them $412,259.70 in fees and expenses. Despite their limited attainments, Plaintiffs contend that they are entitled to recapture all fees expended in assailing § 24.2–530 and associated provisions of the Virginia Code. In Plaintiffs' view, their arguments addressing the open primary system generally, and the statutory right of an incumbent to choose a method of renomination, are so inextricably intertwined that they cannot be bisected for the purpose of awarding fees and expenses. The defendants, through the Attorney General of Virginia, argue that Plaintiffs' victory is too narrow to qualify them as prevailing parties and entitle them to fees under § 1988.

Both parties in this case have submitted extensive memoranda detailing their respective positions with respect to Plaintiffs' request for attorneys' fees. Because the facts and legal contentions are adequately presented in the materials before the Court, the Court will consequently dispense with oral argument because it would not aid in the decisional process.

A critical ingredient of 42 U.S.C. § 1988, which allows a court in its discretion to award reasonable attorneys' fees in cases prosecuted under § 1983, is the requirement that the applicant be a prevailing party. "Congress intended to permit the ... award of counsel fees only when a party has prevailed on the merits...." *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1988, 64 L.Ed.2d 670 (1980). As the United States Supreme Court restated in *Texas State Teachers Assoc. v. Garland Indep. School Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), "to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." 489 U.S. at 792, 109 S.Ct. at 1493. In other words, "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties...." *Id.* at 792–93, 109 S.Ct. at 1494.

■■■ To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought. *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). The court further noted in *Hewitt* that a judicial pronouncement that the defendant had violated the Constitution unaccompanied by an enforceable judgment on the merits does not render the plaintiff a prevailing party. *Hewitt,* 482 U.S. at 762, 107 S.Ct. at 2676. "Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." *Farrar v. Hobby,* 506 U.S. 103, 113, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992).

■■■ Central to Defendants' opposition to Plaintiffs' fee request is their contention that the favorable aspects of this Court's judgment did not survive the appellate process. The defendants argue that because the incumbent state senator in the

11th Senatorial District had no primary opponent, § 24.2–509 was never invoked. Defendants maintain that because the incumbent had no challenger, the Court's judgment technically became moot "through happenstance." Instead of vacating the judgment below, which defendants maintain is the normal practice, the Fourth Circuit elected to rely on the capable of repetition yet evading review doctrine, and decide the merits. The defendants argue, in effect, that while Plaintiffs realized a technical victory with respect to the unconstitutionality of the application of § 24.2–509 to the 2007 primary election cycle in the 11th Senatorial District, they did not walk away from the litigation with an enforceable order. Their relief was inchoate at best, because its enforceability was contingent on two conditions precedent. Namely, that the incumbent senator would file for reelection *and* a primary opponent emerged to challenge him.

Plaintiffs counter that the judgment of the district court, while contingent on several intervening events, was fully enforceable when issued on December 1, 2006. Moreover, while the judgment in this Court was narrowly tailored as applied, it had significant precedential effect on future primaries involving incumbent state senators. In Plaintiffs' view, with respect to § 24.2–509, they received the declaratory relief they were seeking in this case.

In determining whether or not Plaintiffs are a prevailing party, the Court need not make a quantitative assessment of the degree of Plaintiffs' success. While the magnitude of the relief obtained may bear on the amount of damages awarded, the degree of success does not effect *eligibility* for a fee award. *Texas State Teachers Assoc.*, 489 U.S. at 790, 109 S.Ct. at 1492. The extent of a plaintiff's overall litigation success goes to the reasonableness of a fee award under *Hensley v.*

*Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A plaintiff's eligibility for a fee award turns on whether the declaratory judgment they have won changes the legal relationship between the parties. Despite the contingent nature of this Court's final judgment, it does affect the legal relationship of the parties, albeit in a technical sense. The final judgment disallows the incumbent state senator from utilizing § 24.2–509 to require an open primary under § 24.2–530 to select the Republican party's nominee for the 11th Senatorial District for the 2007 election cycle. The benefits received by the plaintiffs as a result of this Court's judgment are minimal, but technically sufficient to support prevailing party status. The Court must next determine, however, whether or not Plaintiffs' success is sufficient in degree to warrant an award of reasonable attorneys' fees.

In *Mercer v. Duke University*, 401 F.3d 199 (4th Cir.2005), the United States Court of Appeals for the Fourth Circuit adopted the analytical framework for reviewing requests for attorney's fees in civil rights cases involving nominal damages for technical success articulated by Justice O'Connor in her concurring opinion in *Farrar*. Justice O'Connor suggested that when determining whether attorney's fees are warranted in a nominal damages case, courts should consider "the extent of relief, the significance of the legal issues on which the plaintiff prevailed, and the public purpose served by the litigation." 506 U.S. at 122, 113 S.Ct. 566. In the context of a case seeking injunctive relief, "the relevant comparison, of course, would be scope of the injunctive relief sought to the relief actually gained." *Mercer*, 401 F.3d at 205.

In the immediate case, the Republican Committee challenged the entire open primary system established by Virginia Code § 24.2–530. Plaintiffs failed to achieve

their primary litigation objective. Plaintiffs did, however, convince the Court that an allied provision, § 24.2–509, providing for an incumbent's prerogative to choose the method of nomination, was unconstitutional as applied to the specific facts of this case. Occasion never arose to enforce this finding. Clearly, Plaintiffs achieved only a fraction of the relief they sought.

Following Justice O'Connor's proposed reasoning, the second factor to be considered is "the significance of the legal issue on which the plaintiff prevailed." *Id.* at 122, 113 S.Ct. at 566. The Fourth Circuit has construed this factor to entail a general assessment of the legal importance of the issue on which plaintiff prevailed. *Mercer,* 401 F.3d at 206. Although the court's decision is limited in application, it admittedly has precedential significance. *See Miller v. Cunningham,* 512 F.3d 98 (4th Cir.2007) (Wilkinson, J., dissenting from the denial of the petition for rehearing en banc). But because the incumbent had no primary opposition, any resulting change in the legal relationship of the parties is more theoretical than substantive.

The final factor proposed by Justice O'Connor is whether the litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights. *Farrar,* 506 U.S. at 121–22, 113 S.Ct. at 578–79. While other courts may derive guidance from the holding in this case, the decision has very narrow application to the public at large. The judgment itself had no enforceability beyond the now moot circumstances then at hand.

For the foregoing reasons, this Court is of the opinion that a discretionary award of attorneys' fees under § 1988 is unwarranted in this case. Plaintiffs' intentions were noble, but their degree of success was minimal. The legal relationship between the parties essentially remains the same.

An appropriate Order will accompany this Memorandum Opinion.